24-2941-cr
*United States v. Fausel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of February, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                          24-2941-cr

WILLIS TAYLOR, AQUARIUS GUMBS, AKA Q,
AKA ICE, AKA DIAMOND, SEAN PEPE,
GORDON LAURIA, PAUL PAOLELLA,
PETER ABLONDI-TAYLOR, MARK APOTRIAS,
THOMAS JOSLIN, DAVID KING, RICHARD
GREATSINGER, CHRISTOPHER CAHILL,
JULIO ECHEVARRIA, AKA WARRIOR, MARKOS
PAPPAS, AKA SPEEDY,

> *Defendants,*

LISA FAUSEL,

> *Defendant-Appellant.*

---

FOR APPELLEE:                         KATHERINE E. BOYLES (Conor M. Reardon, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT:               TRENT LALIMA, Brown Paindiris & Scott, LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Omar A. Williams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on October 23, 2024, is **AFFIRMED**.

Defendant-Appellant Lisa Fausel appeals from the district court's judgment of conviction, following her guilty plea, to one count of conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The district court sentenced Fausel principally to 42-months' imprisonment, to be followed by three years of supervised release. Fausel's sole challenge on appeal is to the substantive reasonableness of her sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

A challenge to the substantive reasonableness of a sentence is reviewed by this Court under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). Under that deferential standard, "we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and citation omitted). Moreover, "we do not consider what weight we would ourselves have given a

2

particular factor [at sentencing]. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191 (internal citation omitted). Although there is no presumption that a sentence within the United States Sentencing Guidelines ("Guidelines") range is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by*, *Rita v. United States*, 551 U.S. 338 (2007).

Here, we find no abuse of discretion in the district court's imposition of the 42-month sentence, which was within the applicable advisory Guidelines range of 37 to 46 months' imprisonment. The district court carefully considered the 18 U.S.C. § 3553(a) factors and explained its reasoning in arriving at that sentence. For example, with respect to the nature and circumstances of the offense, the district court focused on the type and quantity of drugs that were seized from Fausel's hotel room, including approximately 832 grams of cocaine, $94,500 in cash, and approximately 171 grams of fentanyl that was pressed to look like pharmaceutical oxycodone pills, which the government noted yielded inconsistent amounts of fentanyl from pill to pill, thereby magnifying the risk associated with the ingestion of the dangerous drug. The district court further emphasized that the "substantial amount of cocaine and fentanyl and cash" Fausel stored in her hotel room indicated her "level of involvement" in the conspiracy, Gov't App'x at 55, and that "trust . . . was placed in [her] as part of this drug trafficking organization" operating in New Haven, Connecticut, *id*. at 15. The district court, referencing other Section 3553(a) factors, further explained that her offense conduct was "a serious crime . . . that requires punishment, that promotes

3

respect for the law, and that provides both the general and specific deterrent to future criminal activity." *Id.* at 55.

The district court also referenced its consideration of Fausel's mitigating factors—such as, *inter alia*, her compliance with her conditions of pre-trial supervision, her age, her current medical condition, and her acceptance of responsibility—and emphasized that the sentence it was imposing was "no greater than necessary to satisfy the goals of Section 3553(a)." *Id.* at 56. Notwithstanding these mitigating factors, given the seriousness of Fausel's criminal conduct and the danger that such conduct posed to the public, we conclude that the 42-month sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law," *Muzio*, 966 F.3d at 64 (internal quotation marks and citation omitted), and the Section 3553(a) factors upon which the district court relied "can bear the weight assigned [them] under the totality of circumstances in the case," *Cavera*, 550 F.3d at 191.

In reaching this decision, we have considered Fausel's arguments and find them unpersuasive. For example, Fausel asserts, based on statistics from the United States Sentencing Commission's Judiciary Sentencing Information database for offenders in her Guidelines range with a primary drug type of powder cocaine, that "similarly situated Defendants in this category received a median and average imprisonment sentences of 30 months over the previous five years," and thus her sentence results in an unwarranted sentencing disparity under Section 3553(a)(6). Appellant's Br. at 11. Here, however, Fausel's offense conduct did not just involve powder cocaine, but also included approximately 171 grams of pressed fentanyl, which the district court reasonably determined presented an additional danger to the public that should be reflected in the sentence. *See, e.g.*, Gov't App'x at 18 ("[T]his is not just the cocaine, which is a substantial amount

4

of cocaine, but we are also talking about a very dangerous substance in fentanyl that was addressed by the government in its briefing.").

We are similarly unpersuaded by Fausel's suggestion that her sentence was disproportionately high as compared to the sentences of her co-defendants. As a threshold matter, "[w]e have repeatedly made clear that [S]ection 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (emphasis omitted) (internal quotation marks and citation omitted); *see also United States v. Frias*, 521 F.3d 229, 236 & n.8 (2d Cir. 2008) (explaining that a district court may, but is not required to consider, "similarities and differences among co-defendants when imposing a sentence" (internal quotation marks and citation omitted)). In any event, the district court explicitly took into consideration the sentences it imposed on Fausel's co-defendants and explained that the co-defendants with lower sentences were not similarly situated to her because, for example, their offense conduct involved a smaller quantity of cocaine than Fausel or did not involve fentanyl. In short, Fausel has failed to demonstrate that her sentence results in any unwarranted sentencing disparities among similarly situated defendants.

Finally, to the extent that Fausel asserts that the district court "failed to appropriately weigh [her] physical condition, advanced age, and her status as a non-violent, essentially first offender," Appellant's Br. at 8, we have emphasized that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks and citation omitted). Thus, given the overall reasonableness of Fausel's sentence, her "mere disagreement with the district court's

weighing of certain Section 3553(a) factors does not demonstrate an abuse of discretion." *United States v. Pollok*, 139 F.4th 126, 146 (2d Cir. 2025).

*     *     *

We have considered Fausel's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court